UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARNELL ANTWON JOHNSON, JR.,

    Plaintiff,

    v.      CAUSE NO. 3:24-CV-770-TLS-AZ

LAPORTE COUNTY SHERIFF'S DEPT.
and QUALITY CARE NURSING AGENCY,

    Defendants.

**OPINION AND ORDER**

Darnell Antwon Johnson, Jr., a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. ECF No. 1. The Court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Johnson is proceeding without counsel, the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Johnson is an inmate at the LaPorte County Jail with an amputated leg. He claims that on or about July 23, 2024, he slipped in the shower, which was painful and caused other inmates to laugh at him. He further claims that a nurse at the jail refused to give him a narcotic pain medication prescribed by his doctor before his incarceration. He also believes he should be housed in the infirmary or in a medical cell block.

**ANALYSIS**

The Court begins by noting that although Johnson is being held at a jail, public records reflect that he was convicted of a criminal offense on June 25, 2024.[1] *See State v. Johnson,* No. 46D04-2302-CM-000485 (LaPorte Sup. Ct. closed June 25, 2024). The events described in his complaint occurred after that date, and so his rights arise under the Eighth Amendment rather than the Fourteenth Amendment. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). To state a claim for an Eighth Amendment violation, an inmate must allege that a defendant was deliberately indifferent to "an excessive risk" to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This encompasses two elements: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (cleaned up). On the second prong, the plaintiff must allege that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a Constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

---

[1] The Court is permitted to take notice of official court records. *See* Fed. R. Evid. 201. As of July 2024, Johnson had other charges pending against him, which resulted in an additional conviction in October 2024. *State v. Johnson,* No. 46D01-2304-F3-000564 (LaPorte Sup. Ct. closed Oct. 10, 2024).

2

It is unfortunate that Johnson fell in the shower, but in general a fall caused by exposure to slippery floors does not amount to an Eighth Amendment violation. *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("[S]lippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *Perkins v. Atrisco*, No. 3:22-CV-1052, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023) ("Federal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims."). There was an extenuating circumstance here in that Johnson claims to have an amputated leg, but it appears from his complaint that there was a handicap shower at the jail; it simply was not working on the date of this incident. The circumstances he describes suggest at most negligence in the operation of the jail, not deliberate indifference.

Furthermore, he does not name any individual who could be held liable for a decision that amounted to deliberate indifference. Instead, he sues the LaPorte County Sheriff's Department and Quality Care Nursing Agency (Quality Care). There is no general respondeat superior liability under 42 U.S.C. § 1983, and these entities cannot be held liable for a constitutional violation solely because they employ staff at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020).

A government entity or private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, they "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other,

3

more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must describe an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing a custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Johnson does not identify an official policy of either entity that caused him injury. Nor does he allege facts permitting a reasonable inference that either entity has a widespread practice or custom that injured him. He does not describe any incidents of alleged wrongdoing besides the one incident in the shower, and isolated incidents of wrongdoing by a few employees cannot support a *Monell* claim. *Howell*, 987 F.3d at 654.

Inmates are also entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To assert an Eighth Amendment violation, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Inmates are "not entitled to demand specific care." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. Negligence or medical malpractice does not establish an Eighth Amendment violation. *Walker*, 940 F.3d at 965. Instead, courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would

have so responded under those circumstances." *Id.* (citation and internal quotation marks omitted).

Here, Johnson asserts that he has an amputated leg, which could amount to a serious medical need, but he does not describe any lack of care provided for the amputated leg. The only medical issue mentioned in the complaint is the fact that he was not given a narcotic pain medication prescribed to him before his incarceration. The Eighth Amendment does not entitle him to the medication of his choice, or even to the best possible treatment. *Walker*, 940 F.3d at 965; *Forbes*, 112 F.3d at 267. It entitles him to reasonable measures to address a serious medical need, but he does not provide enough information about the reason why this medication was prescribed or what symptoms he experienced at the jail for the court to plausibly infer that he was provided "grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019).

He also does not name any individual who could be held liable for an act that amounted to deliberate indifference in relation to his medical care. He mentions a nurse but does not include her as a defendant. As outlined above, Quality Care cannot be held liable simply because it employed the nurse or other medical staff working at the jail. *Grieveson*, 538 F.3d at 771. He does not identify an unlawful official policy of Quality Care that caused him injury, nor does he allege facts permitting a reasonable inference that Quality Care had a widespread practice of providing grossly inadequate medical care to inmates at the jail in violation of the Eighth Amendment.[2]

He also appears to allege wrongdoing in connection with his housing assignment within the jail. Prisoners do not have a constitutional right to the housing assignment of their choosing,

---

[2] In fact, although he claims that other inmates were given pain medications, he merely complains about his own situation.

and where best to house a prisoner is a matter committed to the discretion of prison officials. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Aside from the shower incident, Johnson does not describe any problems he encountered in his housing unit because of his amputated leg. Nor can the Court plausibly infer from the minimal information he provides that he needed medical care that could only be provided in the infirmary. Based on what he has alleged, he has not stated a plausible Eighth Amendment claim related to his housing assignment at the jail.

Therefore, the complaint does not state a claim upon which relief can be granted.[3] Johnson has not previously amended his complaint, and "litigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow him an opportunity to file an amended complaint if he believes he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the Court hereby:

---

[3] The Court notes that even if his claims were governed by the more generous Fourteenth Amendment standard, they would still fail. He has not described circumstances wherein a jail employee committed a volitional act that could be deemed "objectively unreasonable" under the circumstances. *See Gonzalez v. McHenry County*, 40 F.4th 824, 828 (7th Cir. 2022). A *Monell* claim asserted under the Fourteenth Amendment fails for the same reason as his Eighth Amendment claim: he does not plausibly allege the existence of an official policy or widespread practice that caused him injury.

6

(1) GRANTS the Plaintiff until **January 29, 2025**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on December 30, 2024.

        s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT