UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

DARNELL A. JOHNSON JR.,

Plaintiff,

v.  Case: 3:24-cv-000770-TLS-AZ

LA PORTE COUNTY, IN SHERIFF'S DEP'T,

QUALITY CARE NURSING AGENCY,

et. al.,

Defendant(s),

### MEMORANDUM OF LAW [1]

re: Amended Complaint

Order Issued: 02-03-2025 (D.E. #10) (Enclosure)

---

[1] To be liberally construed, *Erickson v. Pardus*, 551 US 89, 94 (2007)

1

COMES NOW, Plaintiff, DARNELL A. JOHNSON JR., 'pro se' under necessity to have a full and fair opportunity to expand on the foundations which the Plaintiff bases his claim(s) for relief on under the 8th and 14th amendment(s) (*US Const.*), relative to his ability to be able to proceed under Title 28 USC § 1915A.[2] Certain tenets are;

AS RE: *Claim One* (1) Violations under the *Americans with Disabilities Act* ('ADA'), 101 U.S. Public Law 336, Title III § 303 codified under Title 42 USC § 12183 (a) (2); defined under;

*'New construction and alterations in public accommodations and commercial facilities'*

(a) Application of term [under section] (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, **[to wit: shower facilities]** the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, *are readily accessible to and usable by individuals with disabilities* [to wit: Plaintiff DARNELL A. JOHNSON JR.] where such alterations to the path of travel [i.e. the broken handicapped shower in [the] LA PORTE COUNTY JAIL on July 23, 2024] or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost

---

[2] Section 1915A. *Screening*

(a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition. As used in this section, the term *prisoner* means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

HISTORY:
Added April 26, 1996, P. L. 104-134, Title I [Title VIII, 805(a)], 110 Stat. 1321-75; May 2, 1996, P. L. 104-140, 1(a), 110 Stat. 1327.

2

and scope (as determined under criteria established by the Attorney General). (Emphasis-Plaintiff)

AS RE: *Claim One;* Responsibilities of the La Porte County, IN. Sheriff acting under; *Indiana Code* § 36-2-13-5(a)(7) under [a] color of state law standard; That under;

[The] Sheriff['s] powers and duties; (a) The Sheriff shall: (7) take care of the county jail and the prisoners there.

---

This has been provided to the court for purposes of *screening* under 28 USC § 1915A.

RESPECTFULLY SUBMITTED,

*Darnell Johnson Jr.*

DARNELL A. JOHNSON JR.

Plaintiff 'pro se'

3