### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

DARNELL ANTWON JOHNSON, JR.,

      Plaintiff,

           v.                           CAUSE NO. 3:24-CV-770-TLS-AZ

LAPORTE COUNTY SHERIFF'S DEPT.
and QUALITY CARE NURSING AGENCY,

      Defendants.

### OPINION AND ORDER

Darnell Antwon Johnson, Jr., a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. ECF No. 15. The Court screened his original complaint and determined that it did not state a claim for relief. ECF No. 7. He was afforded an opportunity to file an amended complaint before the case was dismissed the case under 28 U.S.C. § 1915A. *Id.* He responded with the present pleading.

Under 28 U.S.C. § 1915A, the Court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Johnson is proceeding without counsel, the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Johnson is currently incarcerated at Indiana State Prison. His claims stem from events occurring at the LaPorte County Jail in 2024. He has an amputated leg, and he claims that on or about July 23, 2024, he slipped and fell in the shower. He claims that the handicap-accessible shower was out of order on that date, and the shower he used did not have grab bars. He further claims that unnamed nursing staff at the jail would not give him a medication prescribed by his doctor prior to his incarceration. He sues the LaPorte County Sheriff's Department and Quality Care Nursing Agency (Quality Care) for monetary damages totaling $500,000.

Although Johnson was at a jail, he states that the incident occurred after he was convicted and sentenced. ECF No. 15 at 10. Therefore, his rights arise under the Eighth Amendment. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). To state a claim for an Eighth Amendment violation, an inmate must allege that a defendant was deliberately indifferent to an excessive risk to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This encompasses two elements: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (cleaned up). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state a Constitutional claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

It is unfortunate that Johnson fell in the shower, but a fall caused by exposure to slippery floors generally does not amount to an Eighth Amendment violation. *Pyles v. Fahim*, 771 F.3d

2

403, 410 (7th Cir. 2014) ("[S]lippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *Perkins v. Atrisco*, No. 3:22-CV-1052, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023) ("Federal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims."). There was an extenuating circumstance in that Johnson has an amputated leg, but it is evident from his allegations that there was a handicap-accessible shower at the jail; it simply was not working on the date of this incident. He does not allege factual content from which the court can plausibly infer that a jail staff member was subjectively aware of an excessive risk to Johnson's safety and deliberately turned a blind eye to the risk. To the extent he is claiming jail staff were negligent in failing to maintain the handicap-accessible shower, this cannot support an Eighth Amendment claim. *See Hildreth*, 960 F.3d at 425–26.

Inmates are also entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To assert an Eighth Amendment violation, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. Negligence or medical malpractice does not establish an Eighth Amendment violation. *Walker*, 940 F.3d at 965. Instead, courts "defer to medical professionals'

treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Id.* (cleaned up).

Here, Johnson asserts that he has an amputated leg, but he does not link this condition to the medication or provide other details about why this medication was prescribed by his physician. Instead, his claim appears to be that he should not have been denied the medication prescribed by a "duly licensed physician" prior to his incarceration. However, the Eighth Amendment does not entitle him to the medication of his choice, or even to the best possible treatment. *Walker*, 940 F.3d at 965; *Forbes*, 112 F.3d at 267. He also does not explain how he was injured when he fell in the shower or describe any actions or inaction by a member of the jail medical staff for the Court to plausibly infer that he was provided "grossly inadequate medical care" after he fell. *Gabb v. Wexford Health Sources, Inc*., 945 F.3d 1027, 1033 (7th Cir. 2019). Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A*., 614 F.3d 400, 403 (7th Cir. 2010).

He sues the Sheriff's Department and Quality Care, but there is no general respondeat superior liability under 42 U.S.C. § 1983, and these entities cannot be held liable for a constitutional violation solely because they employ staff at the jail. *J.K.J. v. Polk Cty*., 960 F.3d 367, 377 (7th Cir. 2020). A government entity or private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, they "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of

this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc*., 987 F.3d 647, 654 (7th Cir. 2021). To allege a viable *Monell* claim, the plaintiff must describe an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing a custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Johnson includes boilerplate language indicating that he wishes to pursue a *Monell* claim, but he does not identify an official policy of the Sheriff's Department or Quality Care that caused him injury. Nor does he allege facts permitting a reasonable inference that either entity has a widespread practice or custom of unconstitutional conduct. The isolated incident he describes does not support a *Monell* claim. *Howell*, 987 F.3d at 654.

He states that he is also pursuing a claim under the Americans with Disabilities Act ("ADA"), which "prohibits discrimination against disabled individuals[.]" *Radaszweski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 606 (7th Cir. 2004). Title II of the ADA provides that qualified individuals with disabilities may not "be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. "Disability" in this context means: (1) a physical or mental impairment that substantially limits one or more major life activity; (2) a record of such an impairment; or (3) being regarded as having such an impairment. *Steffen v. Donahoe*, 680 F.3d 738, 743 (7th Cir. 2012). Correctional facilities qualify as public entities, and officials can be sued under the ADA for declaratory and injunctive relief. *Radaszweski*, 383 F.3d at 606.

As an amputee, Johnson qualifies as an individual with a disability. *Banks v. Patton*, 743 F. App'x 690, 696 (7th Cir. 2018). Incarceration itself is not a program or activity, but showers made available to inmates are considered a "program or activity." *Id.*; *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012). However, Johnson is no longer at the jail, and he cannot seek injunctive relief related to the conditions there. *Kifer v. Ellsworth*, 346 F.3d 1155, 1157 (7th Cir. 2003) (explaining that a claim for injunctive relief was moot after inmate's transfer because an inmate "cannot benefit from an order to improve conditions in a jail in which he is no longer being held").

To recover damages under the ADA, he "must identify intentional conduct (and not mere negligence) by a named defendant." *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022). He has not plausibly alleged that jail officials intentionally discriminated against him in connection with this incident. Instead, he describes an unusual situation in which he had to use a shower without grab bars because the jail's handicap-accessible shower was out of order. This might constitute negligence, but the Court cannot plausibly infer that he was the victim of intentional discrimination. *Id.*; *see Strominger v. Brock*, 592 F. App'x 508, 511 (7th Cir. 2014) (explaining that jail officials' transfer of wheelchair-bound inmate to area where he did not have access to handicap shower due to temporary need to separate him from his cellmate did not amount to intentional discrimination). Thus, he has not plausibly alleged a claim for disability discrimination.

Johnson has therefore failed to state a federal claim.[1] He has already been granted an opportunity to amend, and his amended complaint suffers from many of the same problems as

---

[1] Johnson filed a separate motion asking that the court compel the Sheriff's Department to provide information about the identity of certain jail staff. ECF No. 16. His motion is worded quite broadly and it is not clear exactly whom he is trying to identify. Regardless, the problem with his amended complaint is

the original. The Court finds no basis to conclude that if given another opportunity, he could

state a plausible constitutional claim based on this incident, consistent with what he has already

alleged under penalty of perjury. Johnson indicates a desire to pursue state law tort claims, as

well as claims for alleged violations of state accessibility laws. Because he has not stated a

plausible federal claim, such claims cannot proceed in federal court. *See Doe-2 v. McLean Cnty.*

*Unit Dist. No. 5 Bd. of Dirs*., 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district

court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes

supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). Any state law

claims contained in the amended complaint will be dismissed without prejudice to his right to

pursue them in state court.

For these reasons, Court DISMISSES this action under 28 U.S.C. § 1915A for failure to

state a claim upon which relief can be granted. The Court DISMISSES without prejudice any

state law claims contained in the amended complaint. The Court DENIES the motion to compel

[ECF No. 16]. The Court DIRECTS the Clerk of Court to close the case.

SO ORDERED on March 19, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

not related to the failure to identify a party; rather, he has not alleged a plausible constitutional claim
under governing standards. Thus, his motion will be denied.